UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PENEMUE, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5093 |
| RAYLYN STEVENS, DIRECTOR OF FINANCE AND EX-OFFICIO TAX COLLECTOR FOR THE CITY OF GRETNA, ET AL. | *  * | SECTION "P" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff, Penemue, LLC's, Motion to Compel Production of Documents. ECF No. 80. Defendant Raylyn Stevens, Director of Finance and Ex-Officio Tax Collector for the City of Gretna, filed an Opposition Memorandum, and Penemue filed a Reply Memorandum. ECF Nos. 83, 86. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant is ORDERED to produce the subject email for *in camera* review; the Court DEFERS ruling on Plaintiff's Motion to Compel until *in camera* review is complete, for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff, Penemue, LLC, acquired a tax title interest to 46% ownership of certain immovable property in Gretna, Louisiana, at a June 18, 2018, tax sale. ECF No. 1 ¶ 4. The tax sale certificate was recorded in the Jefferson Parish conveyance records on August 14, 2018. *Id.* After Defendant Stevens filed an Affidavit to Cancel Tax Sale on November 15, 2022, Plaintiff filed this suit for declaratory relief seeking to quiet title and asserting various constitutional claims. *Id.* at ¶¶ 17–40.

When Defendants failed to timely respond to Plaintiff's interrogatories and requests for production, Plaintiff filed a motion to compel. ECF No. 67. Defendants failed to respond to the

1

motion, and thus, were ordered to provide full and complete responses. ECF No. 75. Plaintiff now seeks to compel production of an email dated May 13, 2022, between the City of Gretna's attorney, W.J. Leblanc, and Dan Rebeor, COO of CivicSource, that was withheld from production on the basis of the attorney-client privilege and work product doctrine. ECF No. 80 at 2. Plaintiff argues that the vague description does not support privilege or work product, CivicSource is not the client, and Defendant waived that objection by failing to respond timely to the discovery requests. *Id.* at 2–3; ECF No. 80-1 at 5–8.

In Opposition, Defendant argues that CivicSource was a representative of the client, and the communication was within its scope of representation and necessary to the lawyer's provision of legal services, and thus falls within the attorney-client privilege. ECF No. 83 at 2–3. Defendant also asserts that the email is work product and reflects legal strategy for ongoing and potential future litigation, and thus, is not subject to discovery. *Id.* at 4. Defendant further argues that it timely invoked privilege and thus has not waived privilege. *Id.* at 5.

In Reply, Plaintiff argues that Defendant's citation to legal principles does not satisfy its burden of substantiating its privilege claim with evidence. ECF No. 86 at 2–3.

## II.    APPLICABLE LAW AND ANALYSIS

### A.    The Attorney-Client Privilege

The attorney-client privilege is the oldest of the privileges for confidential communications.[1] The purpose of the attorney-client privilege is well-established: to encourage candid communications between client and counsel.[2] "Because the attorney-client privilege 'has the effect of withholding relevant information from the fact-finder,' it is interpreted narrowly so as to 'apply only where necessary to achieve its purpose.'"[3]

---

[1] *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury,* 768 F.2d 719, 720 (5th Cir. 1985).
[2] *Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981).
[3] *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (brackets omitted) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)).

Not all communications between a client and his or her attorney are protected by the attorney-client privilege.[4] "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer."[5] Thus, a party invoking the attorney-client privilege bears the burden of demonstrating its applicability and must show: "(1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding."[6] While the attorney-client privilege extends to all situations in which counsel is sought on a legal matter, it protects "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[7] The attorney-client privilege therefore does not attach to every communication between a client and counsel, as the privilege "does not embrace everything that arises out of the existence of an attorney-client relationship."[8]

The applicability of the attorney-client privilege "is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents."[9] Privilege must be assessed on a document-by-document basis to determine the propriety of the privilege application because a blanket assertion of privilege over categories of documents is improper.[10]

The attorney-client privilege extends "to a client's or attorney's representatives to the extent that the presence of those representatives furthers the provision of legal services to the client."[11] For that reason, privilege is not waived by disclosure of confidential communications to third parties if those third parties are "agents" or "representatives" of the client who made or

---

[4] *United States v. Pipkins*, 528 F.2d 559, 562–63 (5th Cir. 1976) (stating that the attorney-client privilege "is not a broad rule of law which interposes a blanket ban on the testimony of an attorney.").
[5] *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) (internal quotations and citation omitted); *see also Hodges,* 768 F.2d at 720.
[6] *Robinson*, 121 F.3d at 974 (emphasis in original).
[7] *Fisher v. United States*, 425 U.S. 391, 403 (1976) (citations omitted).
[8] *Pipkins*, 528 F.2d at 563.
[9] *Hodges,* 768 F.2d at 721.
[10] *El Paso*, 682 F.2d at 539, 541.
[11] *United States v. Hamdan*, Cr. No. 19-60, 2021 WL 1931626, at *5 (E.D. La. May 13, 2021).

received a confidential communication for the purpose of effecting legal representation for the client, while acting in the course and scope of employment for the client.[12] Disclosure of an attorney-client communication to an agent is privileged only "if the disclosure was to an agent 'whose services are necessary for effective [legal] representation of the client's interests.'"[13] This means that the agent must "evaluate the information and in a sense 'translate' it into understandable terms for the non-expert attorney."[14]

> When agents or employees . . . participate as members of a team to provide information and documents to litigation counsel and to obtain from counsel answers to the client's questions, with the primary purpose of effectuating counsel's rendition of legal advice to the client, communications between the client's legal personnel and the third-party agents are privileged, and the privilege is not waived by the communications.[15]

This concept has developed in the case law and has included investigators, interviewers, technical experts, accountants, physicians, patent agents, and other scientific specialists.[16]

Mere classification as an "agent" of the attorney or client, however, is not sufficient, in and of itself, to sustain the attorney-client privilege.[17] The party who claims that a third party is its agent for purposes of the privilege

> bears the burden of showing that the person in question worked at the direction of the lawyer, and performed tasks relevant to the client's obtaining legal advice, while responsibility remained with the lawyer. Moreover, when the third party is a professional, such as an accountant, capable of rendering advice independent of the lawyer's advice to the client, the claimant must show that the third party served

---

[12] *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 WL 2323424, at *4 (M.D. La. May 22, 2018) (citations omitted); *Action Ink, Inc. v. Anheuser-Busch, Inc.*, No. 12-141, 2012 WL 12990577, at *2 (E.D. La. Dec. 19, 2012).
[13] *Louisiana Mun. Police Emps. Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 311 (D.N.J. 2008) (quoting *Cellco P'ship v. Certain Underwriters at Lloyd's London*, No. 05–3158, 2006 WL 1320067, at *2 (D.N.J. May 12, 2006)) (emphasis added).
[14] *Id*. at 312 (citations omitted).
[15] *Id.* (citations omitted).
[16] *Id.* at 311 (citing PAUL RICE, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES §3:3 (2007); 1 EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE 219 (5th ed. 2007)).
[17] *King v. University Healthcare Sys., L.C.*, No. 08-1060, 2009 WL 10679780, at *3 (citations omitted); *see also Cavallaro v. United States*, 284 F.3d 236, 247 (1st Cir. 2002); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 135 (E.D. Tex. 2003) (citing *El Paso*, 682 F.2d at 541; *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)).

>some specialized purpose in facilitating the attorney-client communications and was essentially indispensable in that regard.[18]

The critical inquiry is whether the representative "furthers the provision of legal services to the client."[19] "If what is sought is not legal advice but only accounting service . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists."[20] Likewise, a lawyer's consultation with an investment advisor to better advise his client is insufficient to give rise to the privilege.[21] The key is whether the third party was necessary for the rendering of legal advice or was instead providing business advice.[22]

Agents of an entity are likewise entitled to discuss legal advice rendered to them as agents for that entity. Thus, even communications between non-attorney employees that reflect the advice of counsel do not lose their privileged status when shared among corporate employees with responsibility for the subject matter of the communication.[23] The attorney-client privilege thus protects communications between non-attorney employees in two circumstances: (1) when a corporate client shares information with non-attorney employees to relay information requested by attorneys; and (2) communications between non-attorney corporate employees seeking legal advice or sharing legal advice they received from counsel.[24]

---

[18] *Louisiana Mun. Police,* 253 F.R.D. at 311 (citing *Cellco P'ship*, 2006 WL 1320067, at *2) (quoting 2 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S EVIDENCE ⁋ 503(a)(3) [01] at 503–31 to 38 (1993)).

[19] 24 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, §§ 5482, 5483 (1st ed. 1986); *see also BCR Safeguard Holding L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 704 n.22 (citing *Pipkins*, 528 F.2d at 562).

[20] *Kovel*, 296 F.2d at 922.

[21] *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (*Kovel* protects communications between client or lawyer and accountant when the accountant's role is to clarify communications between attorney and client, not communications that prove important to an attorney's legal advice to a client); *Urban Box Office v. Interfase Managers, L.P.*, No. 01-8854, 2006 WL 1004472, at *4 (S.D.N.Y. Apr. 17, 2006) ("[S]imply because financial consultants are employed to assist a company in a restructuring transaction does not mean that their communications with the company's attorneys are privileged.").

[22] *Firefighters*, 2018 WL 2323424, at *6; *see also Benson v. Rosenthal*, No. 15-782, 2016 WL 11678622, at *2 (E.D. La. May 12, 2016) (to retain attorney-client privilege over communications with valuation consultant, plaintiff must prove he "was his attorneys' representative retained for the sole and express purpose of rendering legal advice, as opposed to account advice only") (citations omitted).

[23] *See Nalco Co. v. Baker Hughes, Inc.*, No. 09-1885, 2017 WL 3033997, at *2 (S.D. Tex. July 18, 2017) (citations omitted).

[24] *Id*. at *2–3 (citations omitted).

### B. The Work Product Doctrine

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3). Work-product doctrine thus shields from discovery the materials prepared by or for an attorney in preparation for litigation.[25]

Work product is not, however, "an umbrella that shades all materials prepared by a lawyer . . . ."[26] It focuses only on materials assembled and brought into being in anticipation of litigation.[27] Excluded from the work product doctrine are materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation.[28] If the document would have been created regardless of whether the litigation was also expected to ensue, the document is

---

[25] *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Blockbuster Ent. Corp. v. McComb Video, In*c., 145 F.R.D. 402, 403 (M.D. La. 1992).
[26] *El Paso*, 682 F.2d at 542; *see also Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000).
[27] *Piatkowski*, 2000 WL 1145825, at *2.
[28] *El Paso*, 682 F.2d at 542; *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (quoting *El Paso*, 682 F.3d at 542 (citing FED. R. CIV. P. 26(b)(3) advisory committee notes)); *accord* 8 CHARLES A. WRIGHT, MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 (3d ed. 2010); *see also Hill Tower Inc. v. Dep't of Navy*, 718 F. Supp. 562, 566 (N.D. Tex. 1988) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation *when* this document was drafted.") (citation omitted).

deemed to be created in the ordinary course of business and not in anticipation of litigation.[29]

Likewise, the work product doctrine does not protect underlying facts relevant to litigation.[30]

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.[31]

In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document."[32] Mere proximity in time between the subject incident, the taking of the statement and the commencement of litigation—while a factor to be considered—is not alone determinative. On one hand, the work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[33] On the other hand, "[t]he mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation . . . ."[34] Even "[e]stablishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation . . . . What is crucial is that 'the primary motivating purpose behind the creation of the document

---

[29] *Global Oil Tools, Inc. v. Barnhill*, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013) (citing *S. Scrap Material Co. v. Fleming*, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003)); *Piatkowski*, 2000 WL 1145825, at *1; *see also Brown v. Performance Energy Servs., LLC*, No. 08-852, 2009 WL 10679000, at *1 (E.D. La. Jan. 12, 2009) (holding that claims file documents filed before receipt of letter from plaintiff's attorney were prepared in the ordinary course of the insurer's business of conducting, investigating and evaluating claims against its policies, and thus not protected by the work-product doctrine) (citations omitted).
[30] *See generally Upjohn Co. v. U.S.*, 449 U.S. 383, 385–96 (1981).
[31] *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981), *cert. denied*, 454 U.S. 862 (1981) (citations omitted) (emphasis added); *accord In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied*, 532 U.S. 919 (2001).
[32] *Houston Cas. Co. v. Supreme Towing Co.*, No. 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012) (citation omitted).
[33] *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (citing *In re Kaiser Alum. & Chem. Co.*, 214 F.3d at 593) (internal quotation omitted).
[34] *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 93-3084, 1994 WL 58999, at *3 (6th Cir. 1994) (citing *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)).

was to aid in possible future litigation.'"[35]  Thus, "[t]he law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'"[36]  "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[37]

This requires a determination, based upon evidence and not mere argument, that the principal factor motivating the creation of the document was anticipation of litigation or preparation for trial, as opposed to ordinary business practice.  To carry its burden to establish work product protection, Defendant

> must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts . . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim . . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.[38]

The primary fact-finding is thus based upon evidence by an affiant with personal knowledge as to whether the principal factor motivating for the creation of the document was anticipation of

---

[35] *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003) *rev'd on other grounds*, No. 03-40860, 2003 WL 21911333 (5th Cir. July 25, 2003) (quoting *In re Kaiser Alum.*, 214 F.3d at 593); *accord Global Oil Tools*, 2013 WL 1344622, at *6; *Guzzino*, 174 F.R.D. at 63.
[36] *Guzzino*, 174 F.R.D. at 62 (quoting *El Paso*, 682 F.3d at 542 (citing FED. R. CIV. P. 26(b)(3) advisory committee's note to 1970 Amendment)); *accord* MILLER & MARCUS, *supra* note 28 at 503 n.18; *see also Hill Tower, Inc.*, 718 F. Supp. at 565 ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation *when* this document was drafted.") (citations omitted).
[37] *Global Oil Tools*, 2013 WL 1344622, at *6 (citing *Piatkowski*., 2000 WL 1145825, at *1; *S. Scrap Mat'l Co.*, 2003 WL 21474516, at *6).
[38] PAUL R. RICE, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 11:10 at 977–80 (Lawyers Coop. 1993) (emphasis added); *see also Celanese Corp. v. Clariant Corp.*, No. 14-4165, 2015 WL 9269415, at *1 (N.D. Tex. Dec. 21, 2015) ("[T]he 'party asserting a privilege exemption from discovery . . . bears the burden of demonstrating its applicability' as to each document . . . A general allegation of privilege is insufficient to meet this burden.  Instead, the proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the Court to determine whether the privilege exists or work-product protection applies as to a specific document or communication.") (citing *Navigant Consulting Inc. v. Wilkinson,* 220 F.R.D. 467, 473 (N.D. Tex. 2004)).

litigation or preparation for trial, as opposed to ordinary business practice.[39] Without explanatory testimony by affidavit, deposition or otherwise from the person or person who prepared the documents at issue, the court cannot resolve the question of the motivating purpose behind the creation of same.[40]

When the party resisting discovery carries its evidentiary burden of establishing work product protection from discovery, the burden then shifts back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver of work product protection, proving both substantial need for and undue hardship in obtaining materials protected by the work product doctrine, or otherwise.[41] If the movant makes a particularized showing that a witness cannot recall the event in question or is unavailable, this may constitute undue hardship.[42]

### C. Invocation of Privilege/Waiver

Pursuant to Rules 33(b)(2) and Rule 34(b)(2) of the Federal Rules of Civil Procedure a party must provide responses within thirty (30) days after being served. In the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule generally constitutes a waiver of any objection.[43] Although Rule 34 does not explicitly address waiver as in Rule 33, the Fifth Circuit had held that waiver applies to both the failure to timely

---

[39] *See In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4974886, at *3 (E.D. La. Nov. 20, 2008) ("An evidentiary showing in the context of the work product doctrine can generally be borne through affidavits.") (citing *United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006)).
[40] *Id.* (citing *Roxworthy*, 457 F.3d at 597 ("[A] party may satisfy its burden showing anticipation of litigation in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories.")).
[41] FED. R. CIV. P. 26(b)(3); *Hodges*, 768 F.2d at 721; *In re Int'l Sys. & Controls Corp. Secs. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982); *In re Blessey Enters., Inc.*, Nos. 08-235, 08-244, 2009 WL 5915367, at *1 (M.D. La. Dec. 7, 2009), *aff'd*, 2010 WL 610669 (M.D. La. Feb. 19, 2010).
[42] *In re Int'l Sys.*, 693 F.2d at 1240 (citation omitted).
[43] *Ordoyne v. McDermott, Inc.*, No. 99-3456, 2000 WL 1154616, at *1 (E.D. La. Aug. 14, 2000) (citing FED. R. CIV. P. 33(b)(4)).

respond to Interrogatories and Requests for Productions.[44] This principle of waiver generally does not, however, apply to documents withheld on the basis of privilege or immunity.[45]

A party withholding information based on privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A) (emphasis added). The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[46] It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[47]

When faced with an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[48] Most courts take a flexible approach,

---

[44] *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also* 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND RICHARD L. MARCUS, FEDERAL PRACTICE & PROC. CIV. 2d § 2204 (2d ed. 1994) ("the discovery rules constitute an integrated mechanism and they must be read *in pari materia*."); *McLeod, Alexander, Powel and Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (With respect to required specificity, "We see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.").

[45] *Peairs v. State Farm Mut. Auto. Ins. Co.*, No. 20-652, 2021 WL 5830587, at *2 (M.D. La. Dec. 8, 2021).

[46] *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d at 697 (quoting *El Paso*, 682 F.2d at 541; and citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011)) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

[47] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at *4 (S.D. Ind. 2003); and citing *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

[48] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307–08 (D.D.C. 2009)).

particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[49]

### D. Analysis

After invoking attorney-client privilege and work product, Defendant's response described the nature of the document (email), date (May 13, 2022), parties to email and their positions (W.J. Leblanc (attorney) and Dan Rebeor (COO of CivicSource)), and the subject to the email (CivicSource's review of file for property at issue in this case). This information is sufficient to invoke protections from discovery. Whether the invocation was proper, however, will require an *in camera* inspection of the document. Therefore, Defendant must submit unredacted versions (highlighting all content redacted from the one report produced in redacted form) to the undersigned via email (efile-Currault@laed.uscourts.gov) no later than Friday, May 2, 2025.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Raylyn Stevens, in her official capacity as Ex-Officio Tax Collector for the City of Greta, produce the subject email for *in camera* review via email (efile-Currault@laed.uscourts.gov) no later than Friday, May 2, 2025.

IT IS FURTHER ORDERED that the Court DEFERS Plaintiff's Motion to Compel until after *in camera* review.

New Orleans, Louisiana, this 14th day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[49] *Id.* (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd.*, 387 F.3d 884, 890–91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381–82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).