UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PENEMUE, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5093 |
| RAYLYN STEVENS, DIRECTOR OF FINANCE AND EX-OFFICIO TAX COLLECTOR FOR THE CITY OF GRETNA, ET AL. | * * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me on an expedited basis is Plaintiff Penemue, LLC's Motion to Compel Complete Discovery Responses from Defendant Raylyn Stevens, Director of Finance and Ex-Officio Tax Collector for the City of Gretna ("City of Gretna") (ECF No. 92) and Motion to Compel CivicSource's Compliance with Rule 45 Subpoena and for *In Camera* Inspection (ECF No. 93). The City of Gretna and non-party Archon Information Systems, LLC ("CivicSource") filed Opposition Memoranda. ECF Nos. 99, 100. Plaintiff requested oral argument, which the Court granted. The Court held oral argument on Wednesday, June 4, 2025, and took the matter under submission. ECF No. 103. As ordered during the hearing, the City of Gretna provided a copy of the documents identified on its privilege log for *in camera* review alongside the documents submitted for review by CivicSource.

Having considered the record, the submissions and arguments of counsel, and the applicable law, and after *in camera* inspection of the documents at issue, Plaintiff's motions are GRANTED IN PART AND DENIED IN PART as set forth herein.

**I.      BACKGROUND**

Plaintiff Penemue, LLC acquired a tax title interest to 46% ownership of certain immovable property in Gretna, Louisiana, at a June 18, 2018, tax sale. ECF No. 1 ¶ 4. The tax sale certificate was recorded in the Jefferson Parish conveyance records on August 14, 2018. *Id.* After Defendant

1

Stevens filed an Affidavit to Cancel Tax Sale on November 15, 2022, Plaintiff sought declaratory relief seeking to quiet title and asserting various constitutional claims. *Id.* at ¶¶ 17–40.

Plaintiff issued discovery requests to the City of Gretna, which responded and delivered a privilege log. Plaintiff also issued a subpoena duces tecum to CivicSource. In response to the subpoena, CivicSource produced a privilege log on May 13, 2025, which Plaintiff asserts demonstrates that City of Gretna did not identify and/or produce all responsive documents in its earlier discovery responses. ECF No. 92 at 1. Plaintiff seeks an order compelling the City of Gretna to provide full and complete responses to the First Set of Interrogatories and Requests for Production of Documents. *Id.* at 2. It also seeks an order compelling CivicSource to provide a more detailed privilege log and/or submit the documents for *in camera* inspection. ECF No. 93.

In Opposition, the City of Gretna asserts that it has conducted a reasonable inquiry, explaining its search efforts. ECF No. 100 at 1-2. It also argues that it has supplemented its privilege log consistent with prior orders. *Id.* at 2. CivicSource's opposition notes that Plaintiff's requests were overbroad and asserts that its privilege log is compliant, and its invocation of privilege is proper. ECF No. 99. At the hearing, CivicSource stated that its withheld documents fall into three categories: (1) internal CivicSource communications with in-house legal personnel; (2) communications between City of Gretna personnel and CivicSource personnel, as Gretna's representatives handling tax sales; and (3) emails involving CivicSource personnel, City of Greta personnel and others sharing a common interest.

## II.    APPLICABLE LAW AND ANALYSIS

A more complete discussion of the attorney-client-privilege and work product doctrine is set forth in this Court's Order and Reasons dated April 14, 2025. ECF No. 88. Briefly, the attorney-client privilege serves to encourage candid communications between client and counsel,[1]

---

[1] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

but must be interpreted narrowly to achieve its purpose because it has the effect of withholding relevant information.[2]  The attorney-client privilege also extends to a client's or attorney's representatives to the extent that the representative furthers the provision of legal services.[3] However, not all communications between counsel and a client (or representative) are protected.[4] Rather, only communications made in confidence for the purpose of obtaining legal advice are covered.[5]  For instance, a transmittal letter that includes no confidential communication is not subject to the attorney-client privilege.[6]

    Despite its name, the common interest privilege is neither common nor a privilege.  Instead, it is an extension of the attorney-client privilege and of the work-product doctrine.[7]  Consequently, the common interest doctrine is an exception to the general rule that the attorney-client privilege is waived upon disclosure of privileged information with a third party, and it likewise applies to work product.[8]  The Fifth Circuit has explained that two types of communications are protected under the common legal interest privilege:  (1) communications between co-defendants in actual litigation and their counsel; and (2) communications between potential co-defendants and their counsel.[9]

---

[2] *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (brackets omitted) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)).
[3] *United States v. Hamdan*, Cr. No. 19-60, 2021 WL 1931626, at *5 (E.D. La. May 13, 2021) (Vitter, J.).
[4] *United States v. Pipkins*, 528 F.2d 559, 562–63 (5th Cir. 1976) (stating that the attorney-client privilege "is not a broad rule of law which interposes a blanket ban on the testimony of an attorney").
[5] *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) (citation omitted); *see also Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury*, 768 F.2d 719, 720 (5th Cir. 1985).
[6] *Reid v. Transocean Offshore Deepwater Drilling, Inc.*, No. 13-6080, 2014 WL 2740376, at *1 (E.D. La. June 17, 2014).
[7] *Treece v. Perrier Condo. Owners Ass'n, Inc.*, No. 17-10153, 2019 WL 12289568, at *5 (E.D. La. June 20, 2019) (Douglas, M.J.) (citations omitted); *see also Power-One, Inc. v. Artesyn Techs., Inc.*, No. 05-463, 2007 WL 1170733, at *2 n.2 (E.D. Tex. Apr. 18, 2007); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710–13 (5th Cir. 2001).
[8] *Treece*, 2019 WL 12289568, at *5 (citations omitted).
[9] *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 703 (5th Cir. 2015) (quoting *In re Santa Fe*, 272 F.3d at 710; *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (quoting same)). The common legal interest privilege only applies when there is a "palpable threat of litigation at the time of communication." *In re Santa Fe*, 272 F.3d at 711 (citations omitted); *King v. Univ. Healthcare Sys., L.C.*, No. 08-1060, 2009 WL 10679780, at *4 (E.D. La. Jan. 15, 2009) (noting "this rule is limited to parties to litigation").

Likewise, the work-product doctrine generally shields from discovery materials prepared by or for an attorney in preparation for litigation.[10] Excluded from the work product doctrine are materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation.[11] If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation.[12] Likewise, the work product doctrine does not protect underlying facts relevant to litigation.[13]

The work product doctrine and the attorney-client privilege are very different with regard to waiver. The attorney-client privilege exists to protect the confidential communications between an attorney and client. Thus, it is generally waived by disclosure of confidential communications to third parties.[14] In contrast, the work-product protection exists to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent.[15] Therefore, the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege absent a substantial increase in the opportunity for potential adversaries to obtain the information.[16]

---

[10] FED. R. CIV. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Blockbuster Ent. Corp. v. McComb Video, In*c., 145 F.R.D. 402, 403 (M.D. La. 1992).

[11] FED. R. CIV. P. 26(b)(3) advisory committee's note to 1970 amendment; *El Paso*, 682 F.2d at 542; *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (quoting *El Paso*, 682 F.3d at 542); *accord.* 8 CHARLES A. WRIGHT, MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 (3d ed. 2010); *see also Hill Tower Inc. v. Dep't of Navy*, 718 F. Supp. 562, 566 (N.D. Tex. 1988) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation *when* this document was drafted." (citations omitted)).

[12] *Global Oil Tools, Inc. v. Barnhill*, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013) (quoting *Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825, at *1 (E.D. La. Aug. 11, 2000) and citing *S. Scrap Material Co. v. Fleming*, No. 01-2554, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003)); *see also Brown v. Performance Energy Servs., LLC*, No. 08-852, 2009 WL 10679000, at *1 (E.D. La. Jan. 12, 2009) (holding that claims file documents filed before receipt of letter from plaintiff's attorney were prepared in the ordinary course of the insurer's business of conducting, investigating and evaluating claims against its policies, and thus not protected by the work-product doctrine).

[13] *See Upjohn Co.*, 449 U.S. at 399 (quoting *Hickman*, 329 U.S. at 511).

[14] *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989).

[15] *Id.*

[16] *Id.*; *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010); *see also In re Grand Jury Subpoena*, 220 F.3d 406, 409 (5th Cir. 2000).

4

A party withholding information based on privilege or work product must expressly make the claim and provide an adequate description of the matter. FED. R. CIV. P. 26(b)(5)(A). The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[17] It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[18] A court faced with an inadequate privilege log may: (1) require a more detailed log; (2) find waiver; or (3) conduct an *in camera* inspection.[19] Most courts take a flexible approach, particularly when there is no evidence of bad faith, finding waiver only for flagrant or willful failures.[20]

In this case, the Court has conducted an *in camera* review of the documents at issue. The Court's *in camera* review confirms that CivicSource properly invoked the attorney-client privilege with regard to its internal communications identified as No. 1 on the privilege log. Likewise, it properly invoked the attorney-client privilege as a representative of the City of Gretna with regard to Nos. 2, 6, 8-12 on the privilege log. However, the attachments to Items 8, 9 and 11 are public documents not protected by any privilege and must be produced. Similarly, the Court has already addressed Item No. 2 on the City of Gretna's log, which is the document addressed by my Order dated April 28, 2025 (ECF No. 91), and it is duplicative of CivicSource's Item No. 2. Gretna Item

---

[17] *BDO USA*, 876 F.3d at 697 (quoting *El Paso*, 682 F.2d at 541; and citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).
[18] *Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at *4 (S.D. Ind. 2003); and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).
[19] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307–08 (D.D.C. 2009)).
[20] *Id.* (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd.*, 387 F.3d 884, 890–91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381–82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

No. 4 is a protected communication between the City of Gretna and its client's representative. Gretna Item No. 8 appears to reflect attorney mental impression and strategic discussions amongst defendants in this suit shortly after service in December 2022. As such, it is protected by from discovery by the work product doctrine.

CivicSource Item Nos. 3, 4 and 5 and City of Gretna Item Nos. 5 and 7 are largely duplicative of one another. Some of the communications in the email chain are protected while others are not. Specifically:

- CivicSource Item No. 3's first email dated 9/21/2022 is not protected from discovery and must be produced. Likewise, the emails sent at 9/27/2022 11:13 AM and 9/27/2022 3:32 PM address only scheduling matters with no substance. The subsequent emails, however, reflect attorney mental impression/work product regarding defense of Plaintiff's claims against the common defendants. Thus, Item No. 3 must be produced, but the substance of the emails sent at 9/21/2022 12:27 PM, 9/21/2022 12:50 PM, 9/22/2022 10:44 AM, and 9/27/2022 4:34 PM may be redacted as same are not subject to discovery.

- CivicSource Item No. 4 is largely duplicative of Item No. 3, with one additional email (10/5/2022 1:17 PM) from Dan Rebeor to W.J. Leblanc and AM Sledge. That additional email is protected by attorney-client privilege and work product. The remaining emails should be produced consistent with Item No. 3 above.

- CivicSource Item No. 5 contains emails dated 10/24/2022 3:11 PM and 10/27/2022 11:27 AM that appear to be communications with the court and all counsel. These emails are not protected by any privilege or protection from discovery. The emails dated 10/27/2022 11:54 AM, 10/27/2022 12:27 PM, 10/27/2022 12:42 PM, 10/27/2022 12:50 PM, 10/27/2022 1:20 PM, 10/31/2022 1:47 PM and 10/31/2022 2:13 PM, however, reflect attorney mental impression/work product regarding defense of Plaintiff's claims against the common defendants. Item No. 5 thus must be produced, but the protected emails may be redacted.

- In Gretna Item No. 5, the emails dated 9/21/2022 11:48 AM, 9/27/2022 11:13 AM, 9/27/2022 3:32 PM, 10/10/2022 4:39 PM, 10/11/2022 9:51 AM and 10/11/2022 10:32 AM are scheduling/non-substantive emails that do not disclose any protected communication or work product. However, the emails dated 9/21/2022 12:27 PM, 9/21/2022 12:50 PM, 9/22/2022 10:44 AM, 9/27/2022 4:34 PM, 10/5/2022 1:17 PM are protected from discovery. Thus, Gretna Item No. 5 must be produced, but the protected emails may be redacted.

- Gretna Item No. 7 (like CivicSource Item No. 5) contains emails dated 10/24/2022 3:11 PM and 11/3/2022 11:44 AM that appear to be communications with the court and all counsel. These emails are not protected by any privilege or protection from discovery. However, the emails dated 11/3/2022 11:48 AM, 11/3/2022 12:37 PM, 11/3/2022 12:44 PM and 11/3/2022 12:50 PM reflect protected joint defense/work product efforts. As such, they are not subject to discovery. Gretna Item No. 7 must be produced, but the protected emails may be redacted.

CivicSource Item No. 7 is not an attorney-client privileged communication. Although the email reflects a communication between counsel and the client representative, the communication is merely a transmittal email forwarding a public document; it does not reflect any request for legal advice. For the same reason, the City of Gretna's Item Nos. 1, 3, and 6 are likewise transmittal or scheduling issues that do not contain substantive communications within the protections of the attorney-client privilege or work product doctrine. As such, these documents are subject to production.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Penemue, LLC's Motion to Compel Complete Discovery Responses from Defendant Raylyn Stevens, Director of Finance and Ex-Officio Tax Collector for the City of Gretna is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff Penemue, LLC's Motion to Compel CivicSource's Compliance with Rule 45 Subpoena and for *In Camera* Inspection is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this   5th   day of June, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE